IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gary Kirk, ) | C/A No. 0:17-2189-DCC-PJG |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Commissioner of Social Security Administration, ) | |
| Defendant. ) | |

The plaintiff, Gary Kirk, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), following a redetermination hearing in which the Commissioner terminated Kirk's benefits. Kirk's case is procedurally is similar, if not identical to, a series of cases that are all currently pending in the United States Court of Appeals for the Sixth Circuit or before district courts within that circuit. It appears that these cases all stem from claimants who were represented by Eric C. Conn, Esquire (a Kentucky lawyer) with applications assigned to Administrative Law Judge ("ALJ") David B. Daugherty and medical opinions from one of four doctors, including Kirk's doctor. The complaints in these matters include allegations that the redetermination process violates the Social Security Act, the claimants' right to due process, and the Administrative Procedure Act ("APA").

In late 2016, three different judges in the United States District Court for the Eastern District of Kentucky issued differing rulings on some of these issues, and these cases were appealed to United States Court of Appeals for the Sixth Circuit and consolidated. (See Nos. 17-5206 (Hicks), 17-5211 (Blackburn), 17-5212 (Ousley), 17-5213 (Justice), 17-5214 (Jenkins), 17-5215 (Adams),

17-5216 (Hale), 17-5598 (Perkins), 17-5614 (Griffin, Howard, & Martin) (6th Cir.)).  Shortly after briefing concluded in the above-captioned matter, the United States Court of Appeals for the Sixth Circuit issued a decision, see Hicks v. Commissioner of Social Security, 909 F.3d 786 (6th Cir. 2018), determining that the Social Security Administration had violated the claimants' procedural due process rights and the formal-adjudication requirements of the Administrative Procedures Act. However, the decision is not yet final and contains a dissent.  Further, based on the Sixth Circuit docket, it appears that the Commissioner intends to seek rehearing *en banc*.

In light of the foregoing, and in the interest of justice, the court finds that this matter should be stayed and all pending motions should be held in abeyance pending final resolution of the related matters before the Sixth Circuit, which will likely provide persuasive authority in the matters at issue here. Counsel for the parties are directed to notify the court within fourteen days of any final decision by the Sixth Circuit.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 16, 2019
Columbia, South Carolina